UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARIA SOLIS, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | Case No. 15-cv-05382 |
| v. | ) | |
| | ) | |
| PORTFOLIO RECOVERY ASSOCIATES, LLC, | ) | |
| | ) | |
| DEFENDANT. | ) | Jury Demanded |

## COMPLAINT

Plaintiff, Maria Solis, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

## VENUE AND JURISDICTION

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue in this District is proper under 28 U.S.C. § 1391(b) because Defendant's collection demands were received here, and Defendant transacts substantial business here.

## PARTIES

3. Plaintiff, Maria Solis ("Plaintiff"), is a resident of the State of Illinois, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed for a defaulted Citibank/Home Depot consumer credit card account. Plaintiff is thus a consumer as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

4. Defendant, Portfolio Recovery Associates, LLC, ("PRA"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a(6) of the FDCPA, because

it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts. Defendant operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.

5. PRA is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through other collection agencies.

6. PRA is authorized to conduct business in Illinois, and maintains a registered agent here. (Exhibit A, Record from the Illinois Secretary of State). In fact, PRA conducts business in Illinois.

7. Moreover, PRA is licensed as a collection agency in Illinois. (Exhibit B, Record from the Illinois Department of Financial and Professional Regulation).

8. In fact, PRA acts as a debt collection agency in Illinois.

## FACTUAL ALLEGATIONS

9. Plaintiff incurred an alleged debt for goods and services used for personal family or household purposes, originally for a Citibank/Home Depot consumer account ("alleged debt"). The alleged debt is thus a "debt" as that term is defined at § 1692a(5) of the FDCPA.

10. Due to her financial circumstances, Plaintiff could not pay the alleged debt, and it went into default.

11. PRA purportedly purchased the alleged debt sometime thereafter.

12. In response to collection attempts by Defendant, Plaintiff consulted with the legal aid attorneys at the Debtors Legal Clinic, who, on September 26, 2014, sent a letter to PRA indicating that Plaintiff disputed the alleged debt. (Exhibit C, Representation Letter).

13. PRA received Plaintiff's letter on September 26, 2014.

14. On or about May 7, 2015, PRA communicated credit information regarding the alleged debt to the TransUnion consumer reporting agency, including a balance, an account number and the original creditor. (Exhibit D, Excerpt of Plaintiff's TransUnion credit report).

15. PRA communicated a balance of $2,172 on the alleged debt to TransUnion.

16. PRA failed to communicate that Plaintiff's alleged debt was disputed when it communicated other information to TransUnion regarding the alleged debt on or about May 7, 2015.

17. Credit reporting by a debt collector constitutes an attempt to collect a debt. *See, e.g., Rivera v. Bank One*, 145 F.R.D. 614, 623 (D.P.R. 1993) (a creditor's report of a debt to a consumer reporting agency is a "powerful tool, designed in part to wrench compliance with payment terms from its cardholder").

18. 15 U.S.C. § 1692e of the FDCPA provides as follows:

> **False of misleading representations**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **. . .(8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed. . . .**

19. On or before May 7, 2015, PRA knew or should have known that Plaintiff had disputed the alleged debt because Plaintiff's counsel had previously notified PRA of that dispute by letter on September 26, 2014.

20. Even though PRA knew or should have known, prior to May 7, 2015, that Plaintiff disputed owing the alleged debt, PRA failed to thereafter communicate the fact of

Plaintiff's dispute to the TransUnion credit reporting agency when PRA communicated other information regarding the alleged debt, in violation of 15 U.S.C. §§ 1692e and 1692e(8).

21. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I-FAIR DEBT COLLECTION PRACTICES ACT

22. Plaintiff re-alleges paragraphs 1-21 as if set forth fully in this count.

23. Defendant PRA failed to communicate the fact of Plaintiff's dispute to the TransUnion consumer reporting agency, when it knew or should have known that Plaintiff disputed the alleged debt, when reporting other information regarding the alleged debt, in violation of 15 U.S.C. §§ 1692e and 1692e(8).

WHEREFORE, Plaintiff asks that the Court enter judgment in her favor and against Defendant as follows:

  A. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

  B. Costs and reasonable attorney fees pursuant to 15 U.S.C. §1692k(a)(3); and

  C. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

By: s/Michael J. Wood
Attorney for Plaintiff

Michael Wood
Andrew Finko
Bryan Thompson
***Wood Finko & Thompson P.C.***
73 W. Monroe Street, Suite 514

Chicago, IL 60603
Ph: (312)757-1880
Fx: (312)476-1362
mwood@woodfinkothompson.com
afinko@woodfinkothompson.com
bthompson@woodfinkothompson.com